SHIVERS, Judge.
Pinellas Ambulance Service appeals from the deputy commissioner’s order awarding claimant payment of past and continued medical treatment. Appellee, Cynthia Get-tinger, cross appeals from the deputy commissioner’s denial of her claim for temporary total/temporary partial disability benefits. Because we have examined appellant’s contentions in this appeal and find them to be without merit, we only discuss whether the deputy commissioner correctly found that claimant is not entitled to temporary total/temporary partial compensation. We hold that claimant was entitled to such compensation under section 440.-15(l)(b), Florida Statutes (1980), and reverse.
Claimant Cynthia Gettinger injured her back while lifting a patient on a stretcher in January of 1981. Claimant was immediately taken to a hospital emergency room where she was given a prescription and told to refrain from working for a few days. During the following week she noticed a pain in her right leg while helping to move an uncooperative patient. Claimant again went to the emergency room and was admitted into the hospital.
Claimant’s medical history subsequent to her second accident has become “extremely complex.” After her initial injury, which evidently stemmed from a back problem, claimant’s legs began to weaken and she developed a foot drop for which a brace was required. Claimant also developed infections where her braces rubbed her. Ultimately, claimant became a paraplegic and she now uses a wheelchair or crutches to transport herself.
The deputy commissioner acknowledged in his order that claimant has actively competed in wheelchair athletic competition and has traveled to various states and won many medals at these competitions. Claimant has also completed her junior college work in the period following her accident and is now working on her Bachelor’s degree.
In denying claimant’s request for temporary total/temporary partial disability benefits, the deputy commissioner stated that claimant was required to have made an adequate job search unless for some reason *1388 the search was excused. The deputy commissioner also observed that there was no evidence that claimant was unable to conduct a job search and that in view of her achievements in wheelchair athletics, as well as her having completed a two-year college degree, she appeared “very competitive for employment within her physical limitations.” The deputy commissioner concluded that:
By the claimant’s own testimony she has directed her efforts toward other areas than seeking employment. In that regard, she has achieved wonderful things such as furthering her college education and winning numerous metals in athletic competition. Although this is admirable on the part of the claimant and she should be complimented for her achievements, her lack of a job search makes her ineligible for temporary partial disability benefits.
Claimant contends that section 440.-15(l)(b), Florida Statutes (1980), creates a general presumption of permanent total disability which dispenses with the need for a work search:
Loss of both hands, or both arms, or both feet, or both legs, or both eyes, or any two thereof or ‘paraplegia or quadriplegia shall, in the absence of conclusive proof of substantial earning capacity, constitute permanent total disability.
(emphasis added). The issue, therefore, is whether the fact of claimant’s success in wheelchair athletics and her ability to earn a two-year college degree subsequent to her industrial accident constitutes “conclusive proof of a substantial earning capacity” for purposes of section 440.15(l)(b).
In Jackson v. Princeton Farms Corp., 140 So.2d 570, 573 (Fla.1962), the supreme court, applying the 1957 version of section 440.15(l)(b)[1] ruled that “where the language of the statute is plain and unambiguous and conveys a clear and definite meaning, we need not resort to construction but need only emphasize and apply the facts of the instant case to the dictates contained therein.” The Court construed the statutory language to mean that the moment the physical impairments described therein occur, a presumption of permanent disability is in being which places the burden of proof upon the employer and carrier to conclusively rebut it. Applying this presumption to the facts of that case, the court held that the commission erred in reversing the deputy’s finding of total disability upon the evidence because the employer and carrier had not conclusively overcome the presumption, notwithstanding that the evidence showed the claimant had in fact worked for a period of time despite the amputation of his arm and leg. The court noted that under chapter 440 as it was then written, should the claimant establish an earning capacity by working during the period of permanent total disability, his compensation benefits should be adjusted accordingly.
Claimant’s paraplegic condition places her squarely within the language of section 440.15(l)(b) which presumes permanent total disability, yet the employer and carrier offered no proof that it had successfully rehabilitated claimant or that there are jobs available to her at which she might work in gainful employment within her physical limitations. The statute clearly places the burden of proving that claimant possesses a “substantial earning capacity” on the employer and carrier. The employer and carrier have not carried this burden by simply noting that claimant has been a successful wheelchair athlete and that she has earned a two-year college degree, for a person may accomplish both of these *1389 things without necessarily having the ability to hold down gainful employment. To conclusively overcome the statutory presumption of permanent total disability, the employer and carrier must prove at a minimum that there was nonsheltered work within claimant’s physical limitations available and offered to claimant. A claimant’s mere ability to excel in other nonem-ployment-related endeavors is legally insufficient to conclusively overcome the section 440.15(l)(b) presumption.
REVERSED.
ERVIN and ZEHMER, JJ., concur.

. The statutory language involved provided: “Loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any two thereof shall, in the absence of conclusive proof to the contrary, constitute permanent total disability. In all other cases permanent total disability shall be determined in accordance with the facts.” 140 So.2d at 573, n. 4.