562 So.2d 784 (1990)
Lundy STABLES and CNA Insurance Company, Appellants/Cross-Appellees,
v.
Catherine RIVERS, Appellee/Cross-Appellant.
No. 89-483.
District Court of Appeal of Florida, First District.
May 24, 1990.
Rehearing Denied June 28, 1990.
*785 Keith R. Pallo of Adams, Coogler, Watson & Merkel, West Palm Beach, and Diane H. Tutt, Ft. Lauderdale, for appellants/cross-appellees.
David C. Wiitala of McManus, Wiitala & Contole, North Palm Beach, for appellee/cross-appellant.
WENTWORTH, Judge.
Employer/carrier appeal a workers' compensation order by which claimant was found to be permanently totally disabled and awarded various benefits. Employer/carrier challenge the award of child care and housekeeping services, and the establishment of permanent total disability as of the date of accident. We find no error with regard to these issues. Claimant cross-appeals and challenges the denial of psychological evaluation and counseling for her husband and children, and the commencement date of supplemental benefits. We find no error as to the supplemental benefits issue, but reverse as to the denial of psychological evaluation and counseling for claimant's husband and children.
Claimant experienced an industrial accident by which she was rendered paraplegic, and after some initial confusion as to whether workers' compensation benefits should be paid under the laws of Florida, or of another state, it was established that Florida law applies and a merits hearing was held on a claim for benefits. The parties agreed that claimant is permanently totally disabled, and evidence was presented as to the extent of her ability to function in her home environment. Various witnesses described the extensive difficulties which claimant encounters in this regard, including problems in caring for her two small children and performing routine household chores. Claimant testified as to her expenditures for child care and housekeeping help since sustaining her industrial injury. Claimant's need for these services, including personal attendant care, is generally supported by the testimony of a rehabilitation nurse and a physician, as well as claimant's own description of her abilities and needs. Insofar as the child care and housekeeping services which the judge awarded were thus shown to have been necessitated by the industrial injury, and to be useful in mitigating the effects of the injury or facilitating the process of recovery, such services were properly awarded under section 440.13, Florida Statutes. See generally, Khawam v. Collision Clinics International Inc., 413 So.2d 827 (Fla. 1st DCA 1982); Doctor's Hospital of Lake Worth v. Robinson, 411 So.2d 958 (Fla. 1st DCA 1982).
In establishing claimant's permanent total disability as of the date of accident, the judge applied section 440.15(1)(b), Florida Statutes, which provides that:
... paraplegia ... shall, in the absence of conclusive proof of a substantial earning capacity, constitute permanent total disability. In all other cases, permanent total disability shall be determined in accordance with the facts.
In applying this statute the judge expressly relied on Pinellas Ambulance Service Inc. v. Gettinger, 504 So.2d 1386 (Fla. 1st DCA 1987), which involved a somewhat different issue than is here presented but which characterized the supreme court's opinion in Jackson v. Princeton Farms Corp., 140 So.2d 570 (Fla. 1962), as establishing that under the statute "the moment the physical impairments described therein occur, a presumption of permanent disability is in being... ." While Jackson also involved a different issue than is here presented, the supreme court in Jackson did construe section 440.15(1)(b) as creating a presumption of permanent total disability at "the moment" *786 when the statutorily-described event "transpires." Since the record in the present case indicates that claimant's paraplegia occurred as of the date of her accident the judge properly applied section 440.15(1)(b), as construed in Jackson, in establishing claimant's permanent disability at that moment even though maximum medical improvement was not attained until a later date.
After claimant's permanent total disability was established as of the date of accident, supplemental benefits under section 440.15(1)(e)1, Florida Statutes, were awarded commencing on the first day of the following calendar year. This was a proper application of the supplemental benefits statute as interpreted in cases such as Marvin v. Rewis Roofing, 553 So.2d 314 (Fla. 1st DCA 1989), and Martino v. Nevins Fruit Co., IRC Order 2-3775 (April 20, 1979), since the beginning of claimant's permanent total disability coincided with "the date of injury" which is specified as the beginning point for the calendar year multiplier in the supplemental benefit computation under section 440.15(1)(e)1.
Although recognizing that claimant's own psychological recovery would be served should her family also receive such counseling, the judge denied the claim for family counseling upon a determination that this medical benefit may be awarded only for such services rendered directly to an injured employee. But a section 440.13 medical benefit may include services to the claimant's family, such as child care, when it is necessary to facilitate the injured employee's treatment and recovery. See Doctor's Hospital of Lake Worth v. Robinson, supra. While the application of this principle to an award of family counseling was rejected in Prestressed Decking Corp. v. Medrano, 556 So.2d 406 (Fla. 1st DCA 1989), the pertinent inquiry should be the injured employee's medical need for, rather than the nature of, these services. See generally, Khawam v. Collision Clinics International Inc., 413 So.2d 827 (Fla. 1st DCA 1982). The record in the present case sufficiently establishes claimant's need, as it shows that psychological evaluation and counseling for claimant's husband and children was necessary and proper to facilitate claimant's own psychological treatment. This situation should be contrasted with Medrano, where the court's opinion does not reflect any similar evidence addressing a need relating to the injured employee's own treatment or recovery. Also compare Globe Security v. Pringle, 559 So.2d 720 (Fla. 1st DCA 1990). And any contrary suggestion in Medrano is clearly dicta as the court there determined that the family counseling claim had not been properly presented and thus should not have been entertained below. The present case involves no issue as to the adequacy of the claim, and in the limited context before us we conclude that the judge should have awarded the requested psychological evaluation and counseling for claimant's husband and children, in order to facilitate claimant's own psychological treatment under section 440.13(2)(a), Florida Statutes.
The order appealed is reversed as to the denial of psychological evaluation and counseling for claimant's husband and children. The order is otherwise affirmed, and the cause remanded.
ERVIN and WIGGINTON, JJ., concur.