IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| DAVID MACE, | ) | 2 CA-IC 2002-0010 |
| | ) | DEPARTMENT A |
| Petitioner Employee, | ) | |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| THE INDUSTRIAL COMMISSION OF | ) | |
| ARIZONA, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| TREMCO, INC., | ) | |
| | ) | |
| Respondent Employer, | ) | |
| | ) | |
| LIBERTY MUTUAL INSURANCE | ) | |
| GROUP, | ) | |
| | ) | |
| Respondent Insurer. | ) | |
| | ) | |

SPECIAL ACTION - INDUSTRIAL COMMISSION

ICA Claim No. 93113-314110

Insurer No. WC608-184186

Jerry C. Schmidt, Administrative Law Judge

AWARD SET ASIDE

Brian Clymer

Tucson
Attorney for Petitioner Employee

The Industrial Commission of Arizona
  By Laura L. McGrory

Phoenix
Attorney for Respondent

Jones, Skelton & Hochuli, P.L.C.
  By K. Casey Kurth and Andrea L. Kravets

Phoenix
Attorneys for Respondents
Employer and Insurer

---

B R A M M E R, Presiding Judge.

¶ 1        Petitioner David Mace seeks review of the administrative law judge's (ALJ) award denying him workers' compensation benefits to pay for conjoint marriage and family counseling to which he and his family had been referred by his psychiatrist. He argues the ALJ's decision was erroneous because the counseling was "reasonably required" to treat his condition. *See* A.R.S. § 23-1062(A). Citing *Post v. Industrial Commission,* 160 Ariz. 4, 770 P.2d 308 (1989), he also argues the ALJ's findings are insufficient to allow appellate review. Although we disagree with his *Post* argument, we set aside the award because we find that counseling services reasonably required to treat the effects of a claimant's industrial injury qualify as compensable services under Arizona's workers' compensation system regardless of whether the services are provided, in part, to a third party.

**Background**

¶ 2        We view the evidence and all reasonable inferences therefrom in the light most favorable to sustaining the award. *Rent A Center v. Industrial Comm'n*, 191 Ariz. 406, 956 P.2d 533 (App. 1998). Mace was injured in a 1993 industrial accident and was awarded monthly

2

permanent partial disability benefits of $702.20 in 1998. In 1999, he filed a petition to reopen his claim. Respondent insurer Liberty Mutual Insurance Group agreed to reopen the claim but refused to pay for marital counseling for Mace and his wife or for family counseling for Mace, his wife, and their two children. Mace requested a hearing.

¶ 3        In its decision upon hearing, the ALJ stated that Mace's marriage counselor had testified that Mace's industrial injury was a "substantial contributing cause of the marital problems" for which Mace had sought counseling. The ALJ noted that Liberty Mutual's medical expert had agreed with that assessment and that the experts had agreed the counseling was reasonably required to treat the effects of Mace's industrial injury. The ALJ also found that Mace and his family had been referred to a family therapist because "they [we]re in need of long-term conjoint therapy." Citing *Hughes v. Industrial Commission*, 188 Ariz. 150, 933 P.2d 1218 (App. 1996), the ALJ then wrote:

> [Division One of this court] held that child care is not considered medical treatment and is a service provided to a third person, not to the injured worker. Accordingly the Court of Appeals held that ARS §23-1062A did not include payment for child care. The instant case is distinguishable from *Regnier v. Industrial Commission*, 146 Ariz. 535, 707 P.2d 333 ([App.] 1985)[,] and *Terry Grantham Co. v. Industrial Commission*, 154 Ariz. 180, 74[1] P.2d [3]13 ([App.] 1987).

#### A W A R D

> IT IS HEREBY ORDERED that the applicant take nothing by reason of the REQUEST FOR HEARING pursuant to ARS §23-1061J heretofore filed February 5, 2001.

This statutory special action followed the ALJ's denial of administrative review.

3

**Discussion**

¶ 4 We first address Mace's argument that the ALJ's findings are insufficient to allow appellate review. In issuing an award, "administrative law judges should explicitly state their resolution of conflicting evidence on material and important issues, find the ultimate facts, and set forth their application of law to those facts." *Post*, 160 Ariz. at 8, 770 P.2d at 312. If we cannot determine the basis of an ALJ's conclusions and whether they are tenable, we must set aside the award. *Id.*

¶ 5 Other than citing *Hughes*, the ALJ here failed to explain the basis for denying Mace's request for benefits. And his curt recitation of applicable law failed to respond to Mace's arguments. However, findings are sufficient if we can "glean the basis for the [ALJ's] conclusions." *Douglas Auto & Equip. v. Industrial Comm'n*, 202 Ariz. 345, ¶ 9, 45 P.3d 342, ¶ 9 (2002). We therefore determine whether we can discern the reason for the ALJ's reliance on *Hughes*.

¶ 6 As a result of an industrial injury, the claimant in *Hughes* underwent numerous surgeries and received psychiatric treatment. She requested a hearing after the insurer denied her request for child care expenses incurred because of her hospitalizations. In reviewing the ALJ's denial of her request, Division One noted not only that the requested services would have been "provided to a third person, not to the injured worker," *Hughes*, 188 Ariz. at 154, 933 P.2d at 1222, but also that child care does not resemble medical care and is not, therefore, "other treatment" within the meaning of § 23-1062(A).

¶ 7 Unlike in *Hughes*, there is no question here that counseling is "treatment" within the meaning of § 23-1062(A). *See McAllister v. Industrial Comm'n*, 88 Ariz. 25, 352 P.2d 359

4

(1960). Because the ALJ relied on *Hughes* in denying Mace's request for benefits, we can only deduce he concluded that § 23-1062(A) does not encompass treatment provided, in part, to a third party. Accordingly, because we can glean the basis of the ALJ's award, the findings sufficiently permit appellate review. *See Douglas Auto.*

¶ 8 Turning to the merits of Mace's issue, employees subject to Arizona's workers' compensation scheme who suffer an industrial injury are entitled to receive " such medical, nurse and hospital services and medicines . . . as are provided by this chapter." A.R.S. § 23-1021(A). Assistance to an employee encompasses " medical, surgical and hospital benefits or other treatment, nursing, medicine, surgical supplies, crutches and other apparatus, including artificial members, reasonably required at the time of the injury, and during the period of disability." § 23-1062(A). Mace claims the counseling he sought is permissible under this provision. Whether the statute authorizes benefits for either marriage or family counseling is a question of law subject to our de novo review. *See Mejia v. Industrial Comm' n*, 202 Ariz. 31, 39 P.3d 1135 (App. 2002).

¶ 9 Citing *Hughes*, Liberty Mutual contends that § 23-1062(A) " unambiguously excludes marital and family counseling" simply because the statute does not expressly include either in its list of permissible services. A statute's silence on a particular subject, however, certainly does not equate to an unambiguous exclusion of that subject, particularly when the statute expressly includes " other" similar subjects, as § 23-1062(A) does. *Hughes*. Moreover, Liberty Mutual's interpretation flies in the face of numerous decisions interpreting § 23-1062(A) as including a broad range of services and equipment not expressly enumerated in the statute, *see, e.g., McAllister* (psychiatric treatment); *Terry Grantham Co. v. Industrial Comm' n*, 154 Ariz.

5

180, 183, 741 P.2d 313, 316 (App. 1987) (modified van provided based on claimant's evidence that it "was essential to restore virtually any mobility"). Further, Liberty's interpretation cannot survive after even a cursory reading of *Hughes*. As already mentioned, the court in *Hughes* found that, regardless of whether the service was recommended by the claimant's psychiatrist, child care is not a compensable service within the meaning of § 23-1062(A) because it is a service provided entirely to a third party and is not medical in nature. Finally, interpreting the statute as Liberty Mutual suggests would also violate our obligation to liberally construe the workers' compensation statutory scheme in favor of the injured worker. *See No Ins. Section/Special Fund Div. v. Industrial Comm' n*, 187 Ariz. 131, 927 P.2d 791 (App. 1996); *Regnier v. Industrial Comm' n*, 146 Ariz. 535, 707 P.2d 333 (App. 1985).

¶ 10        Citing *Regnier*, Mace argues that the counseling services he sought fall within the ambit of compensable services under § 23-1062(A) because, unlike in *Hughes*, the counseling is to be provided not only to his family members, but also to him. It is uncontradicted that, except for an introductory marriage counseling session attended solely by Mace's wife, Mace attended all the counseling sessions with other members of his family.

¶ 11        In *Regnier*, because the claimant had been paralyzed in an industrial accident, he requested payment for a procedure that could allow him to become a father by having his sperm artificially inseminated into his wife. On review of the ALJ's denial of the request, Division One held that the procedure could qualify as "medical benefits" within the meaning of § 23-1062(A). *Regnier*, 146 Ariz. at 539, 707 P.2d at 337. Although there is no indication the employer in *Regnier* argued the procedure was an invalid provision of benefits to a third party, *see Hughes*, the court noted the procedure was compensable because it "would replace a bodily function lost

6

as a result of the injury." *Regnier*, 146 Ariz. at 538, 707 P.2d at 336. By implication, the procedure to artificially inseminate the claimant's wife was authorized by § 23-1062(A) because it was directly related to the claimant's industrial injury. Courts in other jurisdictions have adopted this approach. *See, e.g., Spyhalsky v. Cross Constr.*, 743 N.Y.S.2d 212 (App. Div. 2002); *Tobias v. Workmen's Compensation Appeal Bd.*, 595 A.2d 781 (Pa. Commw. Ct. 781).

¶ 12     Courts in other jurisdictions also have addressed issues akin to the one presented here. In *Stables v. Rivers*, 562 So. 2d 784 (Fla. Dist. Ct. App. 1990), an industrial accident rendered the claimant paraplegic. The claimant requested counseling for her family, shown by the medical testimony to be "necessary and proper to facilitate [her] own psychological treatment." *Id.* at 786. The Florida appellate court held that the counseling services were compensable because they had been found "useful in mitigating the effects" of her industrial injury. *Id.* at 785; *see also Southern Indus. v. Chumney*, 613 So. 2d 74, 76 (Fla. Dist. Ct. App. 1993) (employer responsible for compensating paralyzed claimant for running board installed on specially equipped van; claimant's wife, who provided attendant care, "require[d] the running board to enable her to care for claimant's medical needs"). In holding that "the pertinent inquiry should be the injured employee's medical need for, rather than the nature of, these services," *Stables*, 562 So.2d at 786, the Florida court rejected dicta to the contrary from one of its earlier decisions. *See Prestressed Decking Corp. v. Medrano*, 556 So. 2d 406 (Fla. Dist. Ct. App. 1989). And Georgia's appellate court reached a similar conclusion in *Jarallah v. Pickett Suite Hotel*, 420 S.E.2d 366 (Ga. Ct. App. 1992). The court there held that the claimant was entitled to marriage and family counseling, except that portion "that in effect treats [the claimant's] wife

or any other member of his family." *Id.* at 370; *see also* § 23-1021(A) (claimant can only receive "compensation for loss sustained on account of the [industrial] injury").

¶ 13    Because counseling services are compensable treatment within the meaning of § 23-1062(A), *McAllister*, and because an employer must compensate an employee for services provided to a third party that are reasonably required to treat the effects of the employee's industrial injury, *Regnier*, Liberty Mutual is responsible for compensating Mace for any medical services reasonably required to treat the effects of his industrial injury. Accordingly, we examine the evidence presented to the ALJ on the issues of marriage and family counseling.

¶ 14    At the hearing, Mace presented evidence that the prescribed marriage counseling had been undertaken primarily as treatment for his industrial injury. His expert testified that the "primary problem" addressed during marriage counseling "had to do with [the Maces'] interactions, mostly about arguing, arguing because of the fact that [Mace] had trouble controlling his emotions" after the accident. Not only did Liberty Mutual fail to challenge this testimony, the ALJ found that its expert had agreed with it. Because the experts agreed that the marriage counseling was reasonably required to treat Mace's industrial injury, the ALJ erred by relying on *Hughes* in denying his claim for these services. *See Regnier.*

¶ 15    With respect to the family counseling, Mace's expert testified that, although Mace's son was the "identified patient" in the family, "there were conflicts within the family in a global sense." And, although the ALJ summarized the experts' testimony that Mace and his family required family counseling, the ALJ did not find either that Mace's industrial accident had caused that need or that the counseling was intended to treat Mace's industrial injury. Without

8

these findings, we cannot determine whether the family counseling constitutes a compensable service under § 23-1021(A).

**Conclusion**

¶ 16        Although we are unable to determine on this record whether the family counseling Mace sought was reasonably required to treat his industrial injury, the ALJ did find that the experts had agreed that the marriage counseling Mace sought was necessary, causally connected, and intended to treat his industrial injury. Accordingly, because the marriage counseling qualifies as a compensable service, we set aside the ALJ's award denying Mace's claim.

_____
J. WILLIAM BRAMMER, JR., Presiding Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Judge


_____
JOHN PELANDER, Judge