204 P.3d 437

**Sharon L. PATCHES, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**City of Phoenix—Division of Accounts, Respondent Employer,**

**SCF Arizona, Respondent Carrier.**

**No. 1 CA–IC 08–0027.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 24, 2009.

[T]hus, evidence conclusively proving his prior convictions is already in the record." 215 Ariz. at 62, ¶ 13, 157 P.3d at 482.

Taylor & Associates PLLC, By Richard E. Taylor, Briana E. Chua, Phoenix, Attorneys for Petitioner Employee.

Andrew Wade, Acting Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

James B. Stabler, Chief Counsel, SCF Arizona, By John W. Main, Phoenix, Attorneys for Respondents Employer and Carrier.

## OPINION

SWANN, Judge.

¶ 1 This special action presents the question whether housekeeping services are compensable under Arizona's workers' compensation system as a matter of law. Pursuant to Arizona Revised Statutes ("A.R.S.") § 23–1062(A) (1995), we conclude such services are not compensable and affirm the award of the administrative law judge ("ALJ").

## I. JURISDICTION AND STANDARD OF REVIEW

¶ 2 We have jurisdiction pursuant to A.R.S. sections 12–120.21(A)(2) (2003) and 23–951(A) (1995), and Arizona Rules of Procedure for Special Actions 10. In reviewing findings and awards of the Industrial Commission of Arizona ("ICA"), we defer to the ALJ's factual findings but review questions of law *de novo*. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App.2003). We review questions of statutory interpretation *de novo*. *Universal Roofers v. Indus. Comm'n*, 187 Ariz. 620, 622, 931 P.2d 1130, 1132 (App.1996).

## II. PROCEDURAL AND FACTUAL HISTORY

¶3 On March 10, 2000, the respondent employer, City of Phoenix, employed Claimant as a police lieutenant. Claimant was injured when she caught her foot in an electrical cord and fell on her left knee. She filed a workers' compensation claim, which was accepted for benefits. Claimant's industrial injury necessitated knee and back surgery. Shortly after her injury, Claimant also developed reflex sympathetic dystrophy ("RSD"). As a result of these injuries, Claimant is severely physically restricted and uses either crutches or a wheelchair to ambulate.

¶4 Beginning as early as March 2001, Claimant's treating physicians recommended that she be provided with housekeeping services. Claimant sought these benefits from the respondent carrier, SCF Arizona ("SCF"), but SCF denied the claim, contending that housekeeping services are not covered medical expenses under A.R.S. § 23–1062(A). It is undisputed that Claimant's current treating physician continues to recommend that Claimant be provided with housekeeping services. Claimant has since obtained and paid for these services herself.

¶5 After her back surgery, Claimant received continued medical care and her industrial injury claim was reopened. Claimant again sought to have SCF pay for housekeeping services, but her request for these services was denied. She then requested and received an ICA hearing. After the hearing, the ALJ entered an award denying her request for relief. On administrative review, the ALJ summarily affirmed the award, and Claimant brought this special action.

## III. DISCUSSION

¶6 A claimant who suffers an industrial injury is entitled to receive statutorily-defined benefits pursuant to A.R.S. § 23–1062:

A. Promptly, upon notice to the employer, every injured employee shall receive medical, surgical and hospital benefits or other treatment, nursing, medicine, surgical supplies, crutches and other apparatus, including artificial members, reasonably required at the time of the injury, and during the period of disability. Such benefits shall be termed "medical, surgical and hospital benefits."

Whether a particular type of treatment is reasonably required is a medical question and requires expert medical testimony. *See generally Bergstresser v. Indus. Comm'n,* 118 Ariz. 155, 157, 575 P.2d 354, 356 (App. 1978) (noting the importance of the conflicting testimony of medical experts).

¶7 Here, Claimant argues that housekeeping services constitute "other treatment" made medically necessary because of her industrially related physical limitations. SCF disputes Claimant's interpretation of the statute and suggests that Arizona case law already holds that domestic services are not covered. A.R.S. § 23–1062(A) does not expressly mention housekeeping or other domestic services, and no Arizona case has addressed the precise issue presented here.

¶8 Claimant acknowledges that this case presents an issue of first impression, and urges us to "extend" the statute to "provide such services." We believe that this position misapprehends the proper role of the courts in our system of divided powers.

¶9 Benefits under Arizona's workers' compensation system are limited to those prescribed by statute. They are not coextensive with the common law damages available in a fault-based civil tort action. Entire important categories of damages that might be available in a civil tort action are not compensable under the system. *See, e.g., Liberty Mut. Ins. Co. v. W. Cas. & Sur. Co.,* 111 Ariz. 259, 263, 527 P.2d 1091, 1095 (1974) (pain and suffering and loss of consortium are not compensable). Even compensation for lost wages is subject to strict statutory limits.[1]

---

1. We note also that benefits for industrial injury are intended to remedy only a specific type of harm. Unlike general civil damages, "[t]he purpose of Workmen's Compensation [benefits] is not to compensate for difficulty and pain, but for lost earning capacity." *Raban v. Indus. Comm'n,* 25 Ariz.App. 159, 161, 541 P.2d 950, 952 (1975) (citing *White v. Indus. Comm'n,* 87 Ariz. 154, 348 P.2d 922 (1960); *Maness v. Indus. Comm'n,* 102

*See* A.R.S. § 23–1041 (Supp.2008). The concept underlying the entire system "is a trade of tort rights for an expeditious, no-fault method by which an employee can receive compensation for accidental injuries sustained in work-related accidents." *Stoecker v. Brush Wellman, Inc.*, 194 Ariz. 448, 451, ¶ 11, 984 P.2d 534, 537 (1999). Accordingly, while we are mindful that the workers' compensation statutes are to be construed "liberally," with an eye toward ensuring full compensation, we cannot "extend" compensation beyond that allowed by the Arizona Workers' Compensation Act. *See Putz v. Indus. Comm'n*, 203 Ariz. 146, 150–51, ¶ 24, 51 P.3d 979, 983–84 (App.2002).

■ ¶ 10 "It is the rule of statutory construction that courts will not read into a statute something which is not within the express manifest intention of the Legislature as gathered from the statute itself, and similarly the court will not inflate, expand, stretch or extend the statute to matters not falling within its expressed provisions." *Martin v. Althoff*, 27 Ariz.App. 588, 591, 557 P.2d 187, 190 (App.1976) (citation omitted). To be sure, a strictly literal reading of a statute does not always do justice to legislative intent. Courts are frequently called upon to determine whether the concepts articulated in statutes apply to situations that may not have been within the specific contemplation of the legislature at the time of passage. And the courts must, where possible, avoid construing statutes in such a manner as to produce absurd or unconstitutional results. *See, e.g., Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 272, 872 P.2d 668, 676 (1994); *State v. Flores*, 160 Ariz. 235, 239, 772 P.2d 589, 593 (App.1989). Accordingly, while the absence of express language identifying housekeeping services does not itself dispose of Claimant's position, the absence of any statutory language identifying a *category* of services within which housekeeping could credibly fit ends the inquiry. Any extension of the reach of the statute to achieve a desired outcome must be accomplished by the legislature, not the courts. *See, e.g., McPeak v. Indus. Comm'n*, 154 Ariz. 232, 235–36, 741 P.2d 699, 702–03 (App.1987).

¶ 11 In *Hughes v. Indus. Comm'n*, 188 Ariz. 150, 933 P.2d 1218 (App.1996), we considered a type of benefit similar to housekeeping services, and held that the claimant was not entitled to the benefit. The claimant in that case argued that child care was "reasonably required other treatment" under A.R.S. § 23–1062(A). 188 Ariz. at 152, 933 P.2d at 1220. In rejecting the claimant's argument, we recognized:

> Claimant concedes that child care generally is not medical treatment. However, she asserts that it should be classified as medical treatment when a doctor recommends it to relieve stress. The difficulty with this argument is that such a theory extends equally to any source of stress. A claimant may experience stress because he or she cannot care for an aging parent or disabled sibling, because he or she cannot meet financial obligations, or because he or she cannot perform a variety of domestic obligations.

*Id.* at 154, 933 P.2d at 1222.

¶ 12 We recently relied on *Hughes* to support our decision in *Carbajal v. Indus. Comm'n*, 218 Ariz. 578, 190 P.3d 737 (App. 2008). In *Carbajal*, the claimant was severely injured and required attendant care services each day, for eight to ten hours per day. 218 Ariz. at 579, ¶ 4, 190 P.3d at 738. At times when the attendant was not present, the claimant's wife provided these services herself. *Id.* at 580, ¶ 7, 190 P.3d at 739. The wife sought compensation from the carrier for her services. *Id.* The carrier refused to reimburse her, and following an ICA hearing, the ALJ agreed. *Id.* at 580–81, ¶ 10, 190 P.3d at 739–40. We affirmed. *Id.* at 584, ¶ 24, 190 P.3d at 743. Applying the principle of *ejusdem generis*, we concluded that the term "other treatment" did not extend to all services that a doctor might recommend after an injury because the specific examples preceding that general term were all medical in nature. *Id.* at 582, ¶ 17, 190 P.3d at 741 ("[T]he legislature intended the statute to cover treatment or benefits of the "medical" type and not services which would normally be rendered by a spouse during a mar-

Ariz. 557, 434 P.2d 643 (1967); *Moore v. Indus.*    *Comm'n*, 12 Ariz.App. 328, 470 P.2d 476 (1970)).

riage."). We agreed that the "services provided by Wife to Claimant were more akin to ordinary household duties than services typically provided by skilled attendants." *Id.* at 584, ¶ 23, 190 P.3d at 743.

¶ 13 Professors Larson have recognized the dichotomy between skilled nursing duties and household duties in their workers' compensation treatise. In their discussion of medical benefits covered by workers' compensation they note: "[w]hile 'attendance' in the nursing sense is covered, ... a line has been drawn between nursing attendance and services that are in essence housekeeping." 5 Arthur Larson & Lex. K. Larson, *Larson's Workers' Compensation Law* § 94.03[4][d], at 94–57 (Supp.2008).

¶ 14 Claimant argues that this court should adopt the approach to housekeeping services set forth in *Smyers v. Workers' Compensation Appeals Bd.*, 157 Cal.App.3d 36, 203 Cal.Rptr. 521 (1984). In *Smyers,* the California Court of Appeals interpreted a statute similar to § 23–1062(A) and held that while housekeeping is not a medical service, housekeeping services that are prescribed by a physician may constitute "medical treatment" reasonably needed to cure or relieve the employee's injury. 157 Cal.App.3d at 41–43, 203 Cal.Rptr. at 523–24. The court reasoned that "[i]t would be unconscionable to deny coverage for medically required services simply because they are not semantically recognized as within the category of medical or nursing services." *Id.* at 41, 203 Cal.Rptr. at 523. Unlike the *Smyers* court, we view the specific language in the statute as a binding expression of the legislature's intent. Moreover, because *Smyers* preexisted our decisions in both *Hughes* and *Carbajal,* we decline to adopt it at this juncture.

¶ 15 Claimant also argues that several earlier Arizona decisions support her claim: *Mace v. Indus. Comm'n,* 204 Ariz. 207, 62 P.3d 133 (App.2003); *Regnier v. Indus. Comm'n,* 146 Ariz. 535, 707 P.2d 333 (App. 1985); and *Terry Grantham Co. v. Indus. Comm'n,* 154 Ariz. 180, 741 P.2d 313 (App. 1987). We disagree and find each of these cases factually distinguishable. In *Mace,* the injured claimant sought marital and family counseling. 204 Ariz. at 209, ¶ 1, 62 P.3d at

135. In *Regnier,* the paralyzed claimant's wife required artificial insemination to allow the claimant to father children. 146 Ariz. at 536, 707 P.2d at 334. In both of these cases, the court concluded that these treatments constituted "medical treatment" under the statute. *Mace,* 204 Ariz. at 210, ¶ 7, 62 P.3d at 136; *Regnier,* 146 Ariz. at 538, 707 P.2d at 336. In *Terry Grantham,* the paralyzed claimant required a modified van, which the court concluded constituted compensable "other apparatus" under the statute. 154 Ariz. at 183, 741 P.2d at 316.

## IV. CONCLUSION

¶ 16 For the foregoing reasons, we affirm the ALJ's award and hold that an industrially injured Claimant is not entitled to receive housekeeping services pursuant to A.R.S. § 23–1062(A). The legislature alone may extend disability compensation under this statute.

CONCURRING: MAURICE PORTLEY, Presiding Judge, and JON W. THOMPSON, Judge.