ECKERSTROM, Presiding Judge,
specially concurring.
¶ 27 In this ease, we must determine what the legislature intended when it required that any expert testifying “on the appropriate standard of practice or care” in a medical malpractice action must specialize “in the same specialty” as the defendant physician. A.R.S. § 12-2604(A)(1). The language of the *594 statute itself provides little guidance on the central issues raised here: whether the term “specialty” was intended to include sub-specialties and, if not, what definition of specialty do we apply? I concur with the majority opinion to the extent it aptly resolves these difficult questions.
¶28 In my view, however, the majority analysis fails to address an important additional feature of § 12 — 2604(A)(1): that the specialty requirement is imposed only in the context of testimony regarding the defendant physician’s “appropriate standard of practice or care.” Because an expert witness is not allowed under our rules of evidence to testify regarding an irrelevant standard of care, see Govemale, 226 Ariz. 443, ¶ 6, 250 P.3d at 223; Pipher v. Loo, 221 Ai'iz. 399, ¶ 16, 212 P.3d 91, 95-96 (App.2009), and the specialty requirement is imposed only as to expert testimony regarding the “appropriate” standard, it follows that expert witnesses need not mirror those specialties of the defendant physician that are not pertinent to the relevant injury or procedure. See Woodard v. Custer, 476 Mich. 545, 719 N.W.2d 842, 849-50 (2006) (reaching same conclusion as to identical Michigan statute).[7]
¶ 29 In this case, for example, the defendant physician possessed some level of specialization in pediatries, hematology, and oncology. On the record before us, where there is no suggestion that the deceased’s condition was related to any cancer, it would make little sense to require an expert witness on the standard of care to have any expertise in oncology. And, there is a legitimate factual dispute on the record before us as to whether specialization in pediatrics would be at all pertinent to the standard of care for the treatment of a seventeen-year-old patient suffering from a blood disorder. In fact, if we concluded that an expert’s specialization must be a mirror image of all medical specialties held by a defendant physician, regardless of their pertinence to the patient’s injury or condition, our statute would require a testifying expert to have pediatric specialization here even if the patient had been an adult.
¶ 30 I cannot agree that the legislature intended such absurd potential results. See State v. Barragan-Sierra, 219 Ariz. 276, ¶ 17, 196 P.3d 879, 885 (App.2008) (“We employ a common sense approach [when construing statutory language], reading the statute in terms of its stated purpose and the system of related statutes of which it forms a part, while taking care to avoid absurd results.”); see also Patches v. Indus. Comm’n, 220 Ariz. 179, ¶10, 204 P.3d 437, 440 (App.2009) (“[C]ourts must, where possible, avoid construing statutes in such a manner as to produce absurd or unconstitutional results.”). Instead, I believe the statute’s focus on the “appropriate standard of care or practice” demonstrates that the legislature intended logically to limit the specialization requirement only to those specializations held by defendant physicians that are “appropriate” to the injury or condition at issue. § 12-2604(A). I therefore would instruct the trial court on remand to determine whether the defendant’s specialization in pediatrics was pertinent to the standard of care or practice in treating the patient’s blood condition. In all other respects, I join my colleagues’ well-reasoned opinion.

. Because many physicians have specialization in more than one field, one of which is usually pertinent to the medical condition at issue, this is a different problem than determining whether § 12-2604 applies to those physicians operating outside any of their fields of specialization.