856 P.2d 1197

Luis R. MARTINEZ, Petitioner Employee,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

CAD Enterprises, Inc., Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 92–0108.

Court of Appeals of Arizona, Division 1, Department A.

July 22, 1993.

Cecil A. Edwards, Jr., Phoenix, for petitioner.

Anita R. Valainis, Chief Counsel, Indus. Com'n of AZ, Phoenix, for respondent.

Peter C. Kilgard, Chief Counsel, State Compensation Fund by Teri A. Thomson–Taylor, Phoenix, for respondents Employer and Carrier.

## OPINION

CONTRERAS, Judge.

This is a special action review of an Arizona Industrial Commission award denying reimbursement of travel expenses. One issue is presented: whether the petitioner employee ("Claimant") should be reimbursed for his travel expenses incurred in obtaining industrially related medical treatment within the locality of his residence or employment. We conclude that the Arizona Workers' Compensation Act does not provide for the payment of these expenses. Therefore, we affirm the award.

On June 28, 1990, Claimant sustained an industrial back injury while employed as a machinist by the respondent employer, CAD Enterprises, Inc. ("CAD"). He filed a workers' compensation claim that was denied for benefits. He timely protested and, on January 23, 1991, an award was entered for a compensable claim.

On November 25, 1991, Claimant's attorney wrote to the Industrial Commission and requested reimbursement of Claimant's travel expenses incurred as a result of his industrial accident. Claimant sought reimbursement for the miles he drove to hospitals, his attending physician, physical therapy, a pharmacy, an orthopedic supply store, and to a deposition. On December 9, 1991, the Industrial Commission denied this claim for reimbursement, and Claimant timely requested a hearing under Ariz.Rev. Stat.Ann. ("A.R.S.") section 23–1061(J) (1983 & Supp.1992).[1] Following a prehearing conference, the administrative law judge ("ALJ") canceled the hearing. He stated that the dispositive issue involved a legal question which did not require a hearing. It was uncontroverted that Claimant at all times relevant resided in Peoria, Arizona, and that the injury took place at his employer's plant in Phoenix, Arizona. Similarly, the travel expenses for which Claimant sought reimbursement were incurred as a result of the course of care prescribed by Claimant's doctor and not at the behest of the Industrial Commission, the employer, or the insurance carrier. The parties submitted legal memoranda and, on April 24, 1992, the ALJ entered an award that Claimant take nothing by his request,

---

1. This statute provides:

The commission shall investigate and review any claim in which it appears to the commission that the claimant has not been granted the benefits to which such claimant is entitled. If the commission determines that payment or denial of compensation is improper in any way, it shall hold a hearing pursuant to § 23–941 within sixty days after receiving notice of such impropriety.

thereby denying reimbursement for travel expenses. The award was summarily affirmed on administrative review, and Claimant brought this special action.

We start our discussion by noting that any employee who suffers an industrial injury and whose employer is subject to the Arizona Workers' Compensation Act is "... entitled to receive and shall be paid such compensation for loss sustained on account of the injury or death, such medical, nurse, and hospital services and medicines ... as are provided by this chapter." *See* A.R.S. § 23–1021(A) (1983). These services and benefits include:

> medical, surgical and hospital benefits or other treatment, nursing, medicine, surgical supplies, crutches and other apparatus, including artificial members, reasonably required at the time of the injury, and during the period of disability. Such benefits shall be termed "medical, surgical and hospital benefits."

A.R.S. § 23–1062(A) (1983).

Although this statute is silent as to travel expenses, those expenses, to a specifically limited extent, are the subject of an Industrial Commission rule.

> When employees are directed by the Commission, an insurance carrier or an employer to report for medical examination or treatment in a locality other than either their place of residence or employment, they shall be entitled to reimbursement for transportation expenses, from either place of residence or employment whichever route of travel is required, and for living expenses, if any, incurred by reason of such travel. The employee's place of residence or employment shall be fixed as of the date of injury.

Ariz.Comp.Admin.R. & Regs. R4–13–116.A ("Rule 16(A)") (1987) (Supp. 84–4)

The only Arizona case that has addressed travel expenses is *Jones v. Industrial Comm'n*, 23 Ariz.App. 440, 533 P.2d 1177 (1975). In *Jones*, the claimant sustained an industrially related physical injury. During treatment for the physical injury, the claimant's doctor referred him to a psychiatrist. The claim eventually was closed as to the physical injury but without any mention of the psychiatric problem. The claimant timely protested, and the carrier sought an independent medical examination with a psychiatrist. That examination was eventually conducted by William B. McGrath, M.D.

On appeal, this court noted that the carrier paid the claimant's travel expenses incurred for his examination by Dr. McGrath. But the court declined to award any additional travel expenses finding that the claimant had failed to sustain his burden of presenting sufficient evidence upon which travel expense reimbursement could be calculated.

Nothing in the *Jones* case is inconsistent with Rule 16(A). The claimant apparently had to travel to an out-of-town independent medical examination with Dr. McGrath, and the carrier paid those travel expenses. The *Jones* case does not provide any guidance with regard to whether travel expenses, outside those delineated in Rule 16(A), are reimbursable.

 Claimant argues that Rule 16(A) is an invalid attempt to limit "medical, surgical and hospital benefits" owed to claimants pursuant to A.R.S. section 23–1062. Although the statutory language does not mention travel expenses, Claimant urges the court to liberally construe A.R.S. sections 23–1021(A) and 23–1062(A) to imply a provision for reimbursement of travel expense without regard to whether such expense was incurred in a locality other than either Claimant's place of residence or employment. When "the language of a statute is plain and unambiguous and conveys a clear and definite meaning," statutory interpretation is unnecessary, "and courts must follow the meaning of the statute as written." *Ross (Robert) v. Industrial Comm'n*, 112 Ariz. 253, 256, 540 P.2d 1234, 1237 (1975), *overruled on other grounds, Alsbrooks v. Industrial Comm'n*, 118

Ariz. 480, 578 P.2d 159 (1978). The words of the statute must be given their ordinary common meaning unless it appears from the context or otherwise that a different meaning is intended. A.R.S. § 1–213 (1989). One of the most basic rules of statutory construction is that in construing legislative language, courts will not enlarge the meaning of simple English words in order to make them conform to their own particular sociological or economic views. *Kilpatrick v. Superior Court*, 105 Ariz. 413, 421, 466 P.2d 18, 26 (1970), *cited in Padilla v. Industrial Comm'n*, 113 Ariz. 104, 106, 546 P.2d 1135, 1137 (1976).

■ After considering the foregoing rules of statutory construction in conjunction with our review of the relevant statutes, we conclude that A.R.S. sections 23–1021(A) and 23–1062(A) are clear and do not provide for the payment of travel expenses incurred while obtaining industrially related medical treatment. Because the statutory language is unambiguous, there is no reason for statutory interpretation.

■ We next consider Rule 16(A), the administrative regulation promulgated by the Arizona Industrial Commission pursuant to the provisions of the Arizona Workers' Compensation Act. The Industrial Commission is authorized to adopt rules regulating the presentation of claims. *Hershkowitz v. Ariz. Highway Dep't*, 56 Ariz. 494, 496, 109 P.2d 46, 47 (1941), *overruled on other grounds, Ross (Elbert) v. Industrial Comm'n*, 82 Ariz. 9, 12, 307 P.2d 612, 614 (1957); *see* A.R.S. § 23–921(B) (1983). This power is not unlimited; administrative bodies may make rules and regulations supplementing legislation for its complete operation and enforcement, if such rules and regulations are within the standards set forth in the legislative act. *Haggard v. Industrial Comm'n*, 71 Ariz. 91, 100, 223 P.2d 915, 921–22 (1950).

Claimant argues that Rule 16(A) narrows the statutorily required medical benefits available to claimants. In fact, the rule is broader than the statutory language. The statute does not provide for any travel expenses in connection with medical treatment. The rule, however, provides for those expenses whenever the carrier or a self-providing employer *requires* a claimant to obtain medical treatment which is at a location "other than either their place of residence or employment." It is clear that Rule 16(A) has no application to the situation here presented.

Finally, Claimant argues that courts in other states have interpreted their medical benefits statutes to include travel expenses, even though their statutes were silent as to those benefits. We acknowledge that Professor Larson supports this view.

> Transportation costs necessarily incurred in connection with medical treatment are compensable, even if the act speaks only of medical and hospital services. This is usually held to include local travel to or from a hospital or doctor's office.

2 Arthur Larson, *The Law of Workmen's Compensation* § 61.13(b)(1) at 10–934 to –936 (1993). However, this is not the approach of the Arizona legislative.

The treatise enumerates those states which have taken this approach. These include Colorado, Louisiana, Massachusetts, Minnesota, Nebraska, New Mexico, New York, and West Virginia. *Id.* Although this list of states is not insignificant, it is not a majority. The treatise also notes various states which refuse reimbursement for travel expenses, i.e., Rhode Island and Tennessee, or allow reimbursement for long distance travel only, i.e., North Dakota and Pennsylvania. *Id.* at 10–936 and –939 to –40.

Based on Arizona's clear case law regarding statutory interpretation, we conclude that it is not this court's prerogative to extend the benefits provided under A.R.S. section 23–1062(A) (1983). The claimant's argument would be more proper-

ly directed to the legislature. In conclusion, we hold that a claimant is not entitled to reimbursement for travel expenses incurred in obtaining industrially related medical treatment within the locality of his residence or employment.

The award is affirmed.

EHRLICH, P.J., and KLEINSCHMIDT, J., concur.