3 P.3d 1084

**Rick CARR, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Indiana Western Express, Respondent Employer,**

**Great West Casualty, c/o R.L. Gresham, Respondent Carrier.**

**No. 1 CA–IC 99–0002.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 21, 1999.

Taylor & Associates by Thomas C. Whitley, Timothy P. Fisher and Michelle M. Paz Soldan, Flagstaff, for Petitioner.

Anita R. Valainis, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for Respondent.

Cross & Lieberman, P.A. by Donald L. Cross and Lisa M. LaMont, Phoenix, for Respondents Employer and Carrier.

## OPINION

KLEINSCHMIDT, Judge.

¶ 1 This is a special action review of an Industrial Commission award that denied travel reimbursement to the claimant and established an average monthly wage. We set the award aside because we conclude that the injured worker, who was required to travel outside his community to obtain treatment, is entitled to be paid travel expenses.

¶ 2 In 1997 the claimant was hired by Indiana Western Express as an over-the-road truck driver out of its Kingman truck terminal. He lived about sixteen miles outside of Seligman, Arizona, and to reach Kingman he had to drive for thirty-five to forty-five minutes on dirt roads to the freeway and then over an hour on the freeway. He stated that once he picked up a tractor-trailer rig, he was usually on the road for five to seven days before returning to Kingman.

¶ 3 In January 1998 the claimant's knee was injured when a load fell on him. He was hospitalized for a few days. The respondent carrier, Great West Casualty, arranged a follow-up visit for him with an osteopath in Kingman. The claimant was dissatisfied with his treatment, and on advice from the Industrial Commission, he contacted his family physician in Flagstaff for a referral to an orthopedic specialist. The specialist prescribed physical therapy.

¶ 4 Flagstaff, which is a 230-mile round trip from Seligman, was the closest place the

claimant could obtain physical therapy. He had therapy sessions twice a week and because his injury prevented the claimant from driving, his wife had to take an unpaid day off from work each time she transported him to and from his appointments.

¶5 The claimant continued to receive the prescribed physical therapy from late February until mid May, 1998. He testified that at that time, he had to discontinue his therapy sessions because he could no longer afford the travel. He testified that he had sold his TV, VCR, computer, and truck and eventually also lost his water truck and a piece of property because he remained unable to work and had no income.[1]

¶6 In May 1998 Great West issued a notice of claim status suspending the claimant's medical benefits because he had "refused to submit to a . . . medical examination," that is, attend physical therapy. The claimant timely requested a hearing and subsequently filed a second request for hearing arising out of the notice of average monthly wage that excluded payments he received from his employer for expenses he incurred while on the road.

¶7 The ALJ entered an award denying the claimant's request for travel reimbursement but reinstating his disability benefits and affirming the average monthly wage. The award was summarily affirmed on administrative review, and the claimant brought this special action.

## THE CLAIMANT WAS ENTITLED TO TRAVEL EXPENSES

¶8 Any employee who sustains a compensable industrial injury "shall be entitled to receive . . . such medical . . . services . . . as are provided by this chapter [Arizona Workers' Compensation Act]." Arizona Revised Statutes Annotated § 23–1021(A). These services include "medical . . . benefits or other treatment . . . reasonably required at the time of injury, and during the period of disability." A.R.S. § 23–1062(A). An in-

jured worker must submit to reasonable medical treatment necessary to promote his recovery or he may lose his workers' compensation benefits. *See* A.R.S. §§ 23–1026(E), 23–1027.

¶9 In this case, the ALJ found that the claimant provided credible testimony that he was unable to obtain the prescribed physical therapy for his industrial injury because he could not afford to make the round trip to Flagstaff. The ALJ nonetheless found that based on this court's opinion in *Martinez v. Industrial Comm'n*, 175 Ariz. 319, 856 P.2d 1197 (App.1993), the claimant was not entitled to receive reimbursement for the travel expenses he incurred while obtaining this medical treatment.

¶10 In *Martinez*, the claimant sought mileage reimbursement for trips to the hospital, his attending physician, physical therapy, a pharmacy, an orthopedic supply store, and a deposition. The claimant resided in Peoria, Arizona, and his industrial injury took place at his employer's plant in Phoenix, Arizona. *See id.* at 320, 856 P.2d at 1198. The travel expenses for which he sought reimbursement were all incurred in the Phoenix metropolitan area. *See id.* at 321, 856 P.2d at 1199. In those circumstances, we held that A.R.S. section 23–1062(A), which defines the medical services and benefits to which a claimant is entitled under the workers' compensation act, did not expressly include travel expenses, and we were unwilling to imply such a provision. Further, we noted that Arizona Administrative Code R20–5–116(A) ("Rule 16(A)") provides for travel expenses only in connection with medical treatment or examination if the carrier or self-providing employer requires a claimant to obtain medical treatment or examination at a location other than his place of residence or employment. We then found that Rule 16(A) had no application to the *Martinez* claimant and affirmed the denial of travel reimbursement, holding "that a claimant is not entitled to reimbursement for travel expenses in-

---

1. Although not at issue in this appeal, Great West apparently refused to pay the claimant temporary disability benefits after March 1998, when his employer offered him light duty work at the Kingman terminal. He apparently declined the offer because the claimant remained unable to drive the daily round trip of almost 250 miles from Seligman to Kingman, making travel too expensive.

curred in obtaining industrially related medical treatment *within the locality of his residence or employment.*" 175 Ariz. at 323, 856 P.2d at 1201 (emphasis added).

¶ 11 *Martinez* is distinguishable because there the claimant lived, worked, and received treatment in the metropolitan Phoenix area. *See id.* at 320, 21, 856 P.2d at 1198–99. He was able to drive himself to his own treatment, and there was no indication that the lack of reimbursement for travel expense prevented him from receiving the medical benefits to which he was entitled.

¶ 12 In this case, the claimant lived a long distance from available treatment. Denial of reimbursement for travel expenses effectively denied him the medical treatment to which he had a right under our workers' compensation law. Accordingly, we hold that an injured worker who must travel outside the area in which he or she resides to receive treatment is entitled to reimbursement for travel expenses.

## TRAVEL EXPENSE REIMBURSEMENT THE CLAIMANT RECEIVED WHILE DRIVING FOR HIS EMPLOYER WAS NOT A PART OF HIS AVERAGE MONTHLY WAGE

¶ 13 The claimant's employer paid him $.08 a mile to cover his living expenses while he was on the road in the course of his employment. This averaged $40 a day.

¶ 14 The claimant argues that the ALJ erred in failing to include this reimbursement in the calculation of his average monthly wage. Wages earned during the thirty days preceding an industrial injury are the presumptive average monthly wage. *See* A.R.S. § 23–1041(D); *Davis v. Industrial Comm'n,* 134 Ariz. 293, 296, 655 P.2d 1345, 1348 (App.1982). The Industrial Commission may look beyond the amount actually paid to the claimant in a given month if that amount does not accurately reflect the claimant's earning capacity. *See Floyd Hartshorn Plastering Co. v. Industrial Comm'n,* 16 Ariz.App. 498, 503, 494 P.2d 398, 403 (1972). The emphasis in setting an average monthly wage is on what the claimant actually earned for his labor. *Harvey Auto Supply Inc. v.*

*Industrial Comm'n,* 25 Ariz.App. 274, 276, 542 P.2d 1154, 1156 (1975).

¶ 15 In *Moorehead v. Industrial Comm'n,* 17 Ariz.App. 96, 495 P.2d 866 (1972), we declined to include in the claimant's average monthly wage his travel expense allowance from his employer.

"[W]ages" do not include amounts paid to the employee to reimburse him for employment-related expenditures of a nature which would not be incurred but for his employment. Such payments are simply not intended as compensation for services rendered. Before any part of such allowances or reimbursements can be considered as a part of the employee's "wages" there should be some showing that the payments are more than sufficient to reimburse the employee for the work-related expense so that in effect the excess can be considered as extra compensation to the workman for his services performed.

*Id.* at 99, 495 P.2d at 869. But *cf. Matlock v. Industrial Comm'n,* 70 Ariz. 25, 28, 215 P.2d 612, 614 (1950) (average monthly wage of a ranch-hand included the value of a "house, utilities, milk, butter, eggs and meat" furnished by the employer as part of the employee's compensation), *overruled on other grounds, Wiedmaier v. Industrial Comm'n,* 121 Ariz. 127, 589 P.2d 1 (1978).

¶ 16 The claimant argues that there was no evidence that the payments were reasonably related to his actual expenses on the road. He presented no evidence to establish that the reimbursement was unrelated to the driver's daily food and lodging expenses. Instead, he argued that when he drove the same distance as part of a team, he only received half of the daily expense reimbursement or approximately $20 per day, so there could be no reasonable relationship between expenses and reimbursement payments. This is not necessarily correct, however, because team drivers might be able to share or avoid some expenses, such as lodging. Because the claimant has failed to present any evidence that the expense payment is not reasonably related to his daily expenses, *Moorehead* applies, and these payments were properly excluded from the average monthly wage. On remand of course, the claimant

will be free to readdress this issue and, if he has additional evidence on this point, he may present it.

¶ 17 The award is set aside.

CONCURRING: NOEL FIDEL, Presiding Judge, and REBECCA WHITE BERCH, Judge.