72 P.3d 341

Paul ANDERSON, Petitioner,

v.

The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,

Pete King Corporation, Respondent Employer,

Argonaut Insurance Company, Respondent Carrier.

No. 1 CA–IC 02–0088.

Court of Appeals of Arizona. Division One, Department B.

June 17, 2003.

Crossman Law Offices, P.C., Phoenix, By Avery N. Crossman, for Petitioner.

Laura L. McGrory, Chief Counsel, Phoenix, The Industrial Commission of Arizona, for Respondent.

Steven C. Lester, P.C., Phoenix, By Steven C. Lester, for Respondents Employer and Carrier.

## OPINION

IRVINE, J.

¶ 1 Petitioner suffered an industrial injury in 1986 and his award for unscheduled permanent partial disability benefits became final in 1991. In 2001, petitioner was convicted of a felony and sentenced to state prison for nine years and three months. As a result, respondent carrier suspended his workers' compensation benefits during the period of his incarceration pursuant to Arizona Revised Statutes ("A.R.S.") section 23–1031(A)(1) (Supp.2002). We must decide whether the administrative law judge properly determined that § 23–1031(A)(1), which took effect December 1, 1997, applies to Petitioner. We find no error and hold that the statute applies to a workers' compensation claimant whose award was final prior to the statute's effective date but whose criminal act was committed after that date. Accordingly, we affirm the award and decision upon review.

## DISCUSSION

¶ 2 This Court has jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(2) (2003), 23–951(A) (1995), and Arizona Rule of Procedure for Special Actions 10. On appeal,

412

"[w]e deferentially review the factual findings of the Industrial Commission [of Arizona], but independently review its legal conclusions." *PFS v. Indus. Comm'n,* 191 Ariz. 274, 277, 955 P.2d 30, 33 (App.1997). Statutory interpretation is a question of law that we review de novo. *Fremont Indem. Co. v. Indus. Comm'n,* 182 Ariz. 405, 408, 897 P.2d 707, 710 (App.1995).

¶ 3 The statute at issue provides, in relevant part:

[B]eginning on December 1, 1997, payment of compensation under this chapter shall be suspended during the period of time that the employee has ... [b]een convicted of a crime and is incarcerated in any state, federal, county or city jail or correctional facility.

A.R.S. § 23–1031(A)(1).

■ ¶ 4 Petitioner contends that his benefits should not be suspended during the period of his incarceration because his benefit award became final before December 1, 1997. This presents the precise question left unanswered by our supreme court in *Aranda v. Industrial Commission:* whether § 23–1031 applies to a claimant whose benefit award was final prior to December 1, 1997, but whose criminal act was committed after that date. 198 Ariz. 467, 473 n. 3, ¶ 28, 11 P.3d 1006, 1012 n. 3 (2000). We conclude that the statute mandates the suspension of Petitioner's benefits during his period of incarceration.

¶ 5 *Aranda* held that § 23–1031(A)(1) could not be applied retroactively to claimants whose benefit awards were final and whose criminal offenses were committed prior to December 1, 1997. *Id.* at 473, ¶ 28, 11 P.3d at 1012. Our supreme court explained that once a benefit award becomes final, it is a vested property right that cannot be suspended by a subsequently enacted statute. *Id.* at 472, ¶ 26, 11 P.3d at 1011. The court further explained:

The Legislature "may certainly enact laws that apply to rights vested before the date of the statute. Such laws, however, may only change the legal consequences of *future* events." But we are not dealing here with future events. The claimants must have the opportunity to avert the loss of

benefits. The last moment this would be possible, in the context of conviction and incarceration, is the date of the criminal offense. That is the last moment that claimants may choose to alter their behavior to avoid the application of section 23–1031.

*Id.* at 473, ¶ 28, 11 P.3d at 1012 (*quoting San Carlos Apache Tribe v. Superior Court,* 193 Ariz. 195, 205, ¶ 16, 972 P.2d 179, 189 (1999)). The incarcerated workers in *Aranda* committed their criminal acts before December 1, 1997, and had no notice that their convictions would affect their vested property rights during their periods of incarceration. *Id.* at 469, ¶¶ 2, 6, 11 P.3d at 1008. Accordingly, their benefits could not be suspended pursuant to A.R.S. § 23–1031(A)(1). *Id.* at 473, ¶ 29, 11 P.3d at 1012.

¶ 6 The court in *Aranda* also provided the following guidance for consideration of the issue that is presently before us:

We specifically do not decide the related issue whether section 23–1031 would apply to a claimant whose award is final prior to the statute's effective date but whose criminal act is committed subsequently. We note simply the distinction that in such case, the act triggering the suspension statute is the voluntary act of the claimant with knowledge that his crime may result in a loss of benefits.

*Id.* at 473, ¶ 28 n. 3, 11 P.3d at 1012 n. 3.

¶ 7 *Mejia v. Industrial Commission* recently reinforced this observation regarding a voluntary criminal act in the face of existing law that creates a consequence for benefits. 202 Ariz. 31, 39 P.3d 1135 (App.2002). The court recognized that "[v]ested property rights ... may be altered by future events." *Id.* at 34, ¶ 8, 39 P.3d at 1138. Mejia's benefit award for an industrial injury became final in 1996. *Id.* at 32, ¶ 2, 39 P.3d at 1136. At that time, he was on probation for a 1993 felony conviction. *Id.* In 1998, the claimant's probation was revoked and he was incarcerated. *Id.* Finding § 23–1031(A)(1) inapplicable, *Mejia* emphasized that because his conviction had occurred before the statute's effective date, the claimant could not have "altered his behavior" to avoid suspen-

sion of his workers' compensation benefits. *Id.* at 34, ¶ 10, 39 P.3d at 1138.

¶ 8 In both *Aranda* and *Mejia*, the last moment the aggrieved party could have acted to avoid the deprivation or suspension of a vested right occurred before the enactment of the statute that deprived them of that right. In the matter before us, however, the last moment Petitioner could have acted to avoid suspension of his benefits occurred *after* the enactment of the suspension statute.

¶ 9 "In Arizona it is conclusively settled that laws are not retroactive simply because they relate to past events." *Hall v. A.N.R. Freight System, Inc.,* 149 Ariz. 130, 139, 717 P.2d 434, 443 (1986). Moreover, "[t]he rule is that any right conferred by statute may be taken away by statute before it has become vested." *Id.* at 138, 717 P.2d at 442 (quoting *In re Dos Cabezas Power Dist.,* 17 Ariz.App. 414, 418, 498 P.2d 488, 492 (1972)). *Aranda* held that allowing A.R.S. § 23–1031(A)(1) to be triggered by criminal convictions occurring before its effective date was an improper, retroactive interference with vested rights because "every necessary event has occurred making implementation of the right a certainty." 198 Ariz. at 471, ¶ 20, 11 P.3d at 1010. In other words, nothing changed but the applicable law.

¶ 10 Petitioner's situation is different. The change in the statute did not itself affect Petitioner's benefits. It was only when he was incarcerated following conviction of a crime that his benefits were suspended. Although Petitioner was entitled to receive benefits at the time A.R.S. § 23–1031(A)(1) was enacted, he maintained his statutory right to benefits only so long as he was not convicted of a crime and incarcerated.

¶ 11 Giving effect to laws that change the consequences of future acts allows the "government the ability to change and manage public policy." *Zuther v. State,* 199 Ariz. 104, 110, ¶ 21, 14 P.3d 295, 301 (2000). "If the rule were otherwise, our continually changing landscape of ideas and laws would instead resemble a petrified forest populated by the outmoded concepts of the past." *Hall,* 149 Ariz. at 139, 717 P.2d at 443. To reconcile the need to protect vested rights, but not unduly limit future policy developments, our

supreme court has explained that "the Legislature may provide, for instance, that a right vested before the statute is effective will be affected by the specified event occurring after the statute's enactment," but the "Legislature may not, however, change the legal consequence of events completed before the statute's enactment." *San Carlos Apache Tribe,* 193 Ariz. at 205, ¶ 16, 972 P.2d at 189. Under this standard, petitioner's claim fails.

¶ 12 Petitioner had more than three years' notice that a criminal conviction would result in suspension of benefits while he is incarcerated. Unlike the aggrieved parties in *Aranda* and *Mejia*, Petitioner could have averted the suspension of his workers' compensation benefits by refraining from criminal conduct. As applied to Petitioner, A.R.S. § 23–1031(A)(1) (effective December 1, 1997) changed the consequences of a future event (his 2001 criminal conviction) on a vested right (his 1991 final benefit award). This is a permissible application of the statute.

¶ 13 For the foregoing reasons, we affirm.

SULT, P.J. and WINTHROP, J., concurring.