301 P.3d 202

**Irvin DREW, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent.**

**A USA Temp, Respondent Employer,**

**SCF Arizona, Respondent Carrier.**

**No. 1 CA–IC 12–0044.**

Court of Appeals of Arizona, Division 1, Department C.

March 26, 2013.

Taylor & Associates, PLLC By Bruce E. Rosenberg, Phoenix, Attorneys for Petitioner Employee.

Andrew Wade, Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorneys for Respondent.

James B. Stabler, Chief Counsel, SCF Arizona, By Brandyn L. Stewart, Phoenix, Attorneys for Respondents Employer and Carrier.

## OPINION

JOHNSEN, Judge.

¶ 1 This is a special action review of an award by the Industrial Commission of Arizona denying a claimant's request for reimbursement of expenses he incurred traveling to receive out-of-town medical treatment to which he was entitled under Arizona's workers' compensation law. We affirm the Commission's rejection of the claim as untimely for failure to comply with the 24–month deadline in Arizona Revised Statutes ("A.R.S.") section 23–1062.01(C) (West 2013).[1]

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Drew, who lives in Prescott, was injured at work in June 1995 and was diagnosed with carpal tunnel syndrome and tendinitis in his left hand. He settled his workers' compensation claim in 1998, with the State Compensation Fund, now called SCF Arizona ("SCF"), agreeing to pay for his continued treatment at a specified clinic in Phoenix. According to the record, in addition to paying the clinic's bills, SCF reimbursed Drew when he timely submitted claims for expenses incurred in traveling to his monthly medical appointments. In August 2008, the Commission approved Drew's request to change doctors because, as his lawyer put it, "he is having difficulty getting to his appointments because of the distance." Three years later, Drew submitted reimbursement requests for expenses he incurred between May 2005 and October 2006 in traveling from Prescott to Phoenix for his medical appointments. SCF denied the requests, citing the 24–month deadline for submission of medical expense claims in A.R.S. § 23–1062.01(C).

¶ 3 After Drew sought review, see A.R.S. § 23–1061(J) (West 2013), the parties submitted the matter to an Administrative Law Judge ("ALJ") on stipulated facts. The ALJ denied Drew's claim, and her award was affirmed on administrative review. We have jurisdiction of Drew's timely request for special action review under A.R.S. §§ 12–120.21(A)(2) (West 2013) and 23–951(A) (West 2013).

## DISCUSSION

### A. An Injured Worker's Entitlement to Travel Expenses.

¶ 4 Under our workers' compensation statutes, an employee who sustains a compensable industrial injury "shall be entitled to receive and shall be paid such compensation for loss sustained on account of the injury ...,  [and] such medical, nurse and hospital services and medicines ... as are provided by [the Arizona Workers' Compensation Act]." A.R.S. § 23–1021 (West 2013).[2] Another statute explains in more detail the medical benefits to which an injured employee is entitled:

Promptly, on notice to the employer, every injured employee shall receive medical,

---

1. Absent material revisions after the relevant date, we cite a statute's current version.

2. Statutory construction is a question of law that we review *de novo. Anderson v. Indus. Comm'n of Ariz.*, 205 Ariz. 411, 412, ¶ 2, 72 P.3d 341, 342 (App.2003).

surgical and hospital benefits or other treatment, nursing, medicine, surgical supplies, crutches and other apparatus, including artificial members, reasonably required at the time of the injury, and during the period of disability. Such benefits shall be termed "medical, surgical and hospital benefits."

A.R.S. § 23–1062(A) (West 2013).

¶ 5 Neither § 23–1021 nor § 23–1062(A) mentions travel expenses.[3] Indeed, in *Martinez v. Industrial Commission of Arizona*, 175 Ariz. 319, 856 P.2d 1197 (App.1993), this court rejected a claim by an injured worker for expenses incurred in traveling from his home in Peoria to receive medical treatment in Phoenix. In *Martinez*, we called the two statutes "unambiguous" in holding that they "do not provide for the payment of travel expenses incurred while obtaining industrially related medical treatment." *Id.* at 322, 856 P.2d at 1200.

¶ 6 In *Carr v. Industrial Commission of Arizona*, 197 Ariz. 164, 167, ¶ 12, 3 P.3d 1084, 1087 (App.1999), however, we held a worker may be entitled to reimbursement for travel expenses incurred in obtaining medical treatment "outside the area in which he or she resides." In that case, the closest place the claimant could obtain physical therapy for his industrial injury was a 230–mile round trip from his home, and the ALJ found he could not afford to travel that distance. *Id.* at 165–66, ¶¶ 4–5, 3 P.2d at 1085–86. *Carr* reasoned that, under the circumstances, denying the claimant's request for reimbursement of travel expenses "effectively denied him the medical treatment to which he had a right under our workers' compensation law." *Id.* at 166–67, ¶¶ 7, 12, 3 P.2d at 1086–87. We concluded that although § 23–1062(A) does not expressly define "medical benefits" to include travel expenses, "an injured worker who must travel outside the area in which he or she resides to receive treatment is entitled to reimbursement for travel expenses." *Id.* at 166–67, ¶¶ 10, 12, 3 P.2d at 1086–87.

¶ 7 In this case, SCF stipulated before the ALJ that pursuant to *Carr*, the travel expenses Drew incurred to obtain medical treatment in Phoenix would be reimbursable if timely requested. The ALJ accepted SCF's contention, however, that the requests Drew made in 2011 for expenses incurred in 2005–2006 were time-barred pursuant to A.R.S. § 23–1062.01(C).

## B. Requests for Reimbursement of Travel Expenses Are Subject to A.R.S. § 23–1062.01(C).

¶ 8 Section 23–1062.01 is titled "Timely payment of medical, surgical and hospital benefit billing; content of bills; contracts between providers and carriers; exceptions; definitions." The statute spells out specific billing and payment requirements and deadlines applicable to workers' compensation medical benefits. In denying Drew's claim, SCF cited subpart (C) of the statute, which provides,

An insurance carrier, self-insured employer or claims processing representative is not responsible for payment of any billings for medical, surgical or hospital benefits provided under this chapter unless the billings are received by the insurance carrier, self-insured employer or claims processing representative within twenty-four months from the date on which the medical service was rendered or from the date on which the health care provider knew or should have known that service was rendered on an industrial claim, whichever occurs later.

SCF rejected Drew's request for reimbursement of his travel expenses because he did not submit the request within 24 months pursuant to this provision.

¶ 9 Drew argues the 24–month deadline in § 23–1062.01(C) "cannot possibly apply to an injured worker's request for reimbursement for travel expenses" because travel expenses are not "medical ... benefits" to which that statute applies. He argues travel reimburse-

---

3. Under circumstances not presented here, "[i]f a claimant is directed by a carrier, self-insured employer, or special fund division to report for a medical examination or treatment in a locality other than either the claimant's current place of residence or employment, the carrier, self-in- sured employer, or special fund division shall pay, in advance, the claimant's travel expenses from either the claimant's current place of residence or employment...." Ariz. Admin. Code R20–5–116(A). *See also* A.R.S. § 23–1026(A) (West 2013).

ment "simply does not fit" within the benefits that § 23–1062(A) provides may be received by an injured worker, namely, "medical, surgical and hospital benefits or other treatment, nursing, medicine, surgical supplies, crutches and other apparatus." Drew argues that because travel expenses do not fall within § 23–1062(A)'s list of allowable benefits, the 24–month deadline set out in § 23–1062.01(C) for submitting bills for "medical, surgical or hospital benefits" does not apply to his claim.

¶ 10 Drew's argument, however, does not acknowledge that the expense reimbursement *Carr* authorized necessarily must be tethered to a statutory entitlement. Although Drew argues that travel expenses allowed under *Carr* do not fall within §§ 23–1021 or 23–1062(A), he offers no other legal authority authorizing his claim for those expenses.

¶ 11 As SCF argues, travel expenses may be reimbursed under *Carr* only when they are "inexorably intertwined" with a claimant's receipt of medical benefits under the statutes. In such a case, an injured worker's travel expenses are allowed only because they are incidental to medical benefits he or she is entitled to under A.R.S. §§ 23–1021 and –1062(A). Thus, in those limited circumstances, travel expenses are recoverable as medical benefits pursuant to §§ 23–1021 and –1062(A), notwithstanding that neither statute specifically mentions them. *Cf. Carbajal v. Indus. Comm'n of Ariz.,* 223 Ariz. 1, 3, ¶ 11, 219 P.3d 211, 213 (2009) (§ 23–1062(A) not limited to medical care but includes "services to cure or ameliorate the health effects of her injury"); *Mace v. Indus. Comm'n of Ariz.,* 204 Ariz. 207, 210, ¶ 9, 62 P.3d 133, 136 (App.2003) (marriage counseling causally connected to and intended to treat an industrial injury may be compensable under §§ 23–1021 and 23–1062(A)); *Newberry v. Youngs,* 163 Neb. 397, 80 N.W.2d 165, 169–70 (1956) (statute that authorized compensation only for "reasonable medical and hospital services and medicines" included "the cost of travel incident to and reasonably necessary for obtaining such services"); 5 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 94.03, at 94–

98 (2012) ("Transportation costs necessarily incurred in connection with medical treatment are compensable, even if the act speaks only of medical and hospital services."). Because such travel expenses are recoverable as medical expenses, the limitations provision in § 23–1062.01(C) applies to an injured worker's claim for such expenses.

¶ 12 Beyond arguing that travel expenses should not be treated as "medical benefits" within the meaning of § 23–1062.01(C), Drew also argues the limitations period in the statute applies only to claims for "billings" issued by "health care providers." But the statute speaks of "billings for medical ... benefits," and is not restricted to billings by healthcare providers. *See Carbajal,* 223 Ariz. at 5, ¶ 19, 219 P.3d at 215 ("The compensability of services inquiry should focus on the nature of the services provided, not on the identity of the service provider.").

¶ 13 We conclude that the travel expense reimbursement authorized by *Carr* for injured workers who must travel great distances to receive medical treatment to which they are entitled is a "medical benefit" within the meaning of §§ 23–1021, –1062(A) and –1062.01(C). Because Drew did not submit the requests at issue within the 24–month period provided in § 23–1062.01(C), the ALJ correctly denied his claim.

## CONCLUSION

¶ 14 For the foregoing reasons, we affirm the decisions upon hearing and review denying Drew's requests for reimbursement of travel expenses.

CONCURRING: SAMUEL A. THUMMA, Presiding Judge and MICHAEL J. BROWN, Judge.