NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CITY OF FLAGSTAFF, *Petitioner Employer*,

SCF ARIZONA, *Petitioner Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

RICK A. BUNCH, *Respondent Employee.*

No. 1 CA-IC 13-0054
FILED 07-29-2014

Special Action - Industrial Commission
ICA Claim No. 20072-560464
Carrier Claim No. 0730712

Allen B. Shayo, Administrative Law Judge

**AWARD SET ASIDE**

COUNSEL

SCF Arizona, Phoenix
By John W. Main
*Counsel for Petitioners Employer and Carrier*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Taylor & Associates, PLLC, Phoenix
By Thomas C. Whitley
*Counsel for Respondent Employee*

---

**MEMORANDUM DECISION**

Judge Jon W. Thompson delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Peter B. Swann joined.

---

**THOMPSON,** Judge:

**¶1** This is a special action review of an Industrial Commission of Arizona (ICA) award and decision upon review awarding the respondent employee (claimant) mileage expenses he incurred for travel to receive medical treatment. One issue is presented on appeal: whether the administrative law judge (ALJ) erred by awarding the claimant mileage reimbursement for his travel from Flagstaff to Phoenix, when medical treatment was available in Flagstaff. Because the evidence of record did not establish that the claimant had to travel to Phoenix to obtain treatment, we set aside the award.

**JURISDICTION AND STANDARD OF REVIEW**

**¶2** This court has jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(2) (2003), 23-951(A) (2012), and Arizona

2

Rule of Procedure for Special Actions 10.[1]   In reviewing findings and awards of the ICA, we defer to the ALJ's factual findings, but review questions of law *de novo*. *Young v. Indus. Comm'n*, 204 Ariz. 267, 270, ¶ 14, 63 P.3d 298, 301 (App. 2003).   We consider the evidence in a light most favorable to upholding the ALJ's award. *Lovitch v. Indus. Comm'n*, 202 Ariz. 102, 105, ¶ 16, 41 P.3d 640, 643 (App. 2002).

## PROCEDURAL AND FACTUAL HISTORY

**¶3**        The claimant lived in Flagstaff and performed maintenance work at the petitioner employer's, City of Flagstaff's (Flagstaff's), wastewater treatment plant.   On August 9, 2007, he sustained an industrial neck and back strain. The claimant filed a workers' compensation claim, which was accepted for benefits by the petitioner carrier, SCF Arizona (SCF).   The claimant received extensive conservative treatment in Flagstaff from an orthopedic surgeon, a pain management specialist, and a neurosurgeon.

**¶4**        The claimant's claim was eventually closed with a 5% unscheduled permanent partial impairment, no loss of earning capacity

---

[1]   Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

(LEC), and a supportive care award. The supportive care award provided:

> Notice of Supportive Care issued 7/2/2010 is hereby rescinded. Notice of Supportive Care issued 6/11/2010 is hereby amended as follows: Supportive Care under the management of Randall Scott, MD to include 4 office visits per yr., 10 physical therapy sessions per yr., 1 diagnostic study per yr., medications and up to 2 radiofrequency denervations per yr. (performed by John Ledington, MD) Supportive care will be reviewed annually and may be closed without notice if not used within one year.

The claimant testified that after his claim closed, he continued to have the same neck pain, a 7 or 8 on a scale of 10, but the only treatment he was offered was the radiofrequency denervation.

¶5      Because of the claimant's ongoing neck pain, his attorney recommended a consultation with Daniel Lieberman, M.D., a Phoenix neurosurgeon. The claimant discussed this recommendation with his family practitioner, Dr. Scott, and obtained a referral to see Dr. Lieberman. Dr. Lieberman examined the claimant and reported:

> Assessment and Plan:
>
> Rick has a right C6 radiculopathy and neck pain after C5/6 disc hernation. His history, and the absence of pathology at any other level, strongly suggest this was due to his industrial injury.
>
> He has failed excellent conservative care, I'd recommend ACDF at C5/6. The r/b/a were described to him in detail.

4

He is medically fit for the procedure with routine preoperative evaluation.

The claimant filed a petition to reopen and attached Dr. Lieberman's report. The petition eventually was granted, and the claimant underwent the recommended surgery.

¶6 The claimant testified that following Dr. Lieberman's surgery, his residual neck pain is a 1 on a scale of 10, and he feels better since surgery than he has at any other time since the industrial injury. The claimant next filed for an A.R.S. § 23-1061(J)[2] hearing to request reimbursement of his travel expenses from Flagstaff to Phoenix for Dr. Lieberman's treatment. The claim was denied for benefits, and the matter proceeded to an ICA hearing.

¶7 The ALJ held one hearing for testimony from the claimant. He then entered an award granting the mileage reimbursement (Award). SCF timely requested administrative review, but the ALJ summarily affirmed the Award. SCF next brought this appeal.

---

[2] Section 23-1061(J) provides that a claimant may request an investigation by the ICA into the payment of benefits, which the claimant believes that he is owed but has not been paid.

**DISCUSSION**

¶8        Under Arizona law, an industrially injured claimant is entitled to receive payment of his medical expenses. *See* A.R.S. § 23-1021 (2013). These expenses include all reasonably required medical, surgical, and hospital benefits. *See* A.R.S. § 23-1062(A) (1995). Whether a benefit is reasonably required under the statute is a question for the ALJ. *Regnier v. Indus. Comm'n*, 146 Ariz. 535, 539, 707 P.2d 333, 337 (App. 1985).

¶9        Section 23-1062(A) is silent as to travel expenses, and the Arizona Workers' Compensation Act typically is construed to exclude the payment of travel expenses incurred while obtaining industrially related medical treatment. *Martinez v. Indus. Comm'n*, 175 Ariz. 319, 321-22, 856 P.2d 1197, 1199-2000 (App. 1993); *see also* 5 Arthur Larson and Lex K. Larson, *Larson's Workers' Compensation Law* § 94.03[2], at 94-48 (2013).[3] We distinguished *Martinez* in *Carr v. Industrial Commission,* 197 Ariz. 164, 3 P.3d 1084 (App. 1999).

¶10        In *Martinez,* the claimant, lived, worked, was injured, and received treatment in the Phoenix area. 175 Ariz. at 320-21, 856 P.2d at

---

[3] Arizona's workers' compensation statutes do provide for reimbursement of reasonable travel expenses when a claimant must travel at the behest of the employer, carrier, or ICA for medical examinations or treatment. *See* A.R.S. § 23-1026 (A); Arizona Administrative Code  (A.A.C.) R20-5-116(A).

1198-99. The travel expenses for which that claimant sought reimbursement were all incurred in the Phoenix metropolitan area. *Id.* In *Carr*, the claimant lived in a rural area outside of Seligman, Arizona. 197 Ariz. at 165, ¶ 2, 3 P.3d at 1085. The closest available medical treatment was in Flagstaff, Arizona, a 230 mile round trip from his home. *Id.* at 165-66, ¶ 4, 3 P.3d at 1085-86. We concluded that without payment of travel expenses, the claimant effectively was precluded from receiving the medical benefits to which he was entitled under the Arizona Workers' Compensation Act. *Id.* at 167, ¶ 12, 3 P.3d at 1087. For that reason, we held "that an injured worker who must travel outside the area in which he or she resides to receive treatment is entitled to reimbursement for travel expenses." *Id.*[4]

¶11 The facts in this case fit neither *Martinez* nor *Carr*. Unlike *Martinez*, the claimant did in fact travel outside of the area where he lived, worked, and was injured to receive medical treatment. Unlike *Carr*, the claimant did not live in a rural area with no access to medical care without a long commute. In fact, the evidence of record established that there

---

[4] We recently held that travel expenses are medical benefits for purposes of the two year limitations period for a workers' compensation claimant to file a medical expense reimbursement request within the meaning of A.R.S. §§ 23-1021, - 1062 (A), and – 1062.01(C). *See Drew v. Indus. Comm'n*, 232 Ariz. 36, 39, ¶ 11, 301 P.3d 202, 205 (App. 2013).

were a number of medical specialists available to the claimant in the Flagstaff area.

¶12 Although the ALJ in this case recognized the "must travel" standard articulated in *Carr*, he did not apply it. The ALJ found that "when an injured worker meets his burden of proving that travel out of town is *necessary* to obtain medical care for the industrial injury, then the defendant carrier is liable for travel expenses." The evidence here established that the claimant had received extensive conservative treatment in Flagstaff, but despite that treatment, he had severe ongoing pain. Based on these facts, we agree with the ALJ that it was reasonable for the claimant to seek medical care from another physician. However, because claimant failed to show that he couldn't get such treatment in Flagstaff, it was error to award him reimbursement for his travel expenses to Phoenix as "necessary."

¶13 A claimant typically has an unrestricted right to select a treating physician. *See generally Estes Corp. v. Indus. Comm'n*, 23 Ariz. App. 370, 376, 533 P.2d 678, 684 (1975). Upon notice to the carrier, the claimant may obtain reasonably required medical treatment without obtaining prior carrier approval. *See Lasiter v. Indus. Comm'n*, 173 Ariz. 56, 61, 839 P.2d 1101, 1106 (1992). While courts in other states have interpreted their medical benefits statutes to include travel expenses, we have not done so

in Arizona. As we stated in *Martinez*, this is an issue more appropriately directed to the legislature and we decline to take that step here. *Id.* at 322-23, 856 P.2d at 1200-01.

¶14 Because the evidence of record did not establish that the claimant had no choice but to travel to Phoenix to obtain medical treatment, we set aside the award of mileage reimbursement.



Ruth A. Willingham · Clerk of the Court
FILED: gsh