# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

### January 2018 Term

_____

No. 17-0746

_____

**CARLOS D. SILVETI,**
**Claimant Below, Petitioner**

v.

**OHIO VALLEY NURSING HOME, INC.,**
**Employer Below, Respondent**

FILED

**April 11, 2018**

**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

_____

**Appeal from the Workers' Compensation Board of Review**
**Claim No. 2016017643**
**Appeal No. 2051885**

**REVERSED AND REMANDED**

_____

**Submitted: April 4, 2018**
**Filed: April 11, 2018**

William B. Richardson, Jr., Esq.          Steven K. Wellman, Esq.
Richardson and Campbell                   Jenkins Fenstermaker, PLLC
Parkersburg, West Virginia                Huntington, West Virginia
Counsel for the Petitioner                Counsel for the Respondent

JUSTICE KETCHUM delivered the Opinion of the Court.

JUSTICE WALKER dissents and reserves the right to file a dissenting opinion.

**SYLLABUS BY THE COURT**

1.      Under the plain language of West Virginia Code § 23-4-8 [2009], a workers' compensation claimant who is ordered by the Insurance Commissioner, private carrier, or self-insured employer to attend a medical examination shall be reimbursed for his or her reasonable travel expenses incurred in connection with attending the ordered medical examination.  These travel expenses include, at a minimum, reasonable expenses for meals, lodging, and mileage.

**Justice Ketchum:**

Mr. Carlos Silveti, a claimant for workers' compensation benefits, was ordered by his claims administrator to attend a medical examination that was one-hundred miles away from his home. He spent six hours traveling to, attending, and returning from the medical examination, during which time he ate one meal. He sought reimbursement from the claims administrator for the meal expense he incurred while attending his medical examination.

The claims administrator denied Mr. Silveti's request for reimbursement on the ground that his travel did not require overnight lodging. We are asked whether the claims administrator had the discretion to deny Mr. Silveti's request for reimbursement of his meal expense.

West Virginia Code § 23-4-8(c) – (e) [2009] provides that a party who orders a workers' compensation claimant to attend a medical examination "shall reimburse the claimant for . . . reasonable traveling expenses[,]" which includes, "at a minimum, reimbursement for meals[.]" We find that under the plain language of West Virginia Code § 23-4-8, the claims administrator did not have discretion to deny Mr. Silveti reimbursement for his meal expense on the ground that his travel did not require overnight lodging. We remand this case to the Workers' Compensation Board of Review for an order consistent with state law.

**I.**
**FACTUAL AND PROCEDURAL BACKGROUND**

Mr. Silveti, a chef at Ohio Valley Nursing Home ("the employer") in Parkersburg, West Virginia, injured his left shoulder and left knee when he slipped and fell exiting a walk-in refrigerator at work. He filed a workers' compensation claim, which was held compensable for sprain of the left rotator cuff capsule and sprain of the left knee.

A claims administrator ordered Mr. Silveti to attend a medical examination, at a time and place of the claims administrator's choosing, to determine whether Mr. Silveti's current treatment was medically necessary and appropriate for his work-related injury and whether he had achieved maximum medical improvement.[1] For unknown reasons, the claims administrator sent Mr. Silveti to an examiner approximately one-hundred miles away from Parkersburg, in Fairmont, West Virginia. This selection required Mr. Silveti to spend six hours (from 11:00 am to 5:00 pm) traveling to, attending, and returning from his medical examination. The claims administrator made this decision despite there being multiple medical examiners located in Parkersburg.[2]

---

[1] The claims administrator is authorized under West Virginia Code § 23-4-8(a) to "order a claimant of compensation for a personal injury . . . to appear for examination before a medical examiner or examiners[.]"

[2] For a list of workers' compensation medical examiners in West Virginia, along with their locations, s*ee* West Virginia Offices of the Insurance Commissioner, http://www.wvinsurance.gov/Portals/0/IME%20List%202017_18_4.pdf (last visited March 13, 2018). Under West Virginia Code of State Rule § 85-1-15.6 [2009], claims administrators are required to arrange independent medical examinations "as near as
(continued . . .)

Under West Virginia's workers' compensation laws, Mr. Silveti, as a claimant, is entitled to be reimbursed for his reasonable travel expenses, including meals, incurred in connection with an ordered medical examination.[3] Mr. Silveti ate one meal in Bridgeport, West Virginia, approximately twenty miles away from Fairmont, while attending his medical examination. He timely submitted a voucher, with his meal receipt attached, to his claims administrator seeking reimbursement for his meal expense.

The claims administrator decided not to reimburse Mr. Silveti for his meal expense. She determined that the meal was not a "reasonable" travel expense because Mr. Silveti's travel to his medical examination did not require overnight lodging. The claims administrator was aware at the time she made this determination that Mr. Silveti had to spend six hours traveling to, attending, and returning from his examination.

Mr. Silveti appealed the claims administrator's decision to the Workers' Compensation Office of Judges ("Office of Judges"). The Office of Judges affirmed the claims administrator. Upon Mr. Silveti's appeal from the decision by the Office of Judges, the decision of the Office of Judges was affirmed by the Workers' Compensation Board of Review ("the Board"). Mr. Silveti appeals the Board's decision to affirm the denial of his request for meal reimbursement.

---

practicable to the claimant's residence." Mr. Silveti did not contest the claims administrator's decision to send him to an independent medical examination in Fairmont, as opposed to Parkersburg.

[3] *See* W.Va. Code § 23-4-8 (c) – (e). We discuss this statute in greater detail in our analysis.

## II.
## STANDARD OF REVIEW

We are asked whether the Board erred by affirming a prior ruling by the Office of Judges and the claims administrator that Mr. Silveti would not be reimbursed for his meal expense. West Virginia Code § 23-5-15(c) [2005], provides our standard of review, in part, as follows:

> If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record.

Mr. Silveti argues that the Board's decision is in clear violation of a statutory provision. To the extent this case requires us to interpret a statutory provision, our standard of review is *de novo*.[4]

## III.
## ANALYSIS

This Court is asked whether the claims administrator was required under West Virginia Code § 23-4-8 to reimburse Mr. Silveti for a meal expense he incurred

---

[4] Syl. Pt. 1, *Appalachian Power Co. v. State Tax. Dep't of W.Va.*, 195 W.Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review.").

4

while attending his medical examination. West Virginia Code § 23-4-8 provides, in pertinent part, as follows:

> (a) The Insurance Commissioner, private carrier or self-insured employer, whichever is applicable, may . . . order a claimant of compensation for a personal injury . . . to appear for examination before a medical examiner or examiners selected by the Insurance Commissioner[.]
>
> . . . .
>
> (c) Where the claimant is . . . required to undergo a medical examination or examinations, pursuant to subsection (a) of this section, *the party that . . . required the medical examination shall reimburse the claimant for . . . reasonable traveling expenses as set forth in subsection (e)* of this section and other expenses in connection with the examination or examinations.
>
> (d) *The claimant shall be reimbursed for reasonable traveling expenses as set forth in subsection (e)* of this section incurred in connection with medical examinations, appointments and treatments, including appointments with the claimant's authorized treating physician.
>
> (e) *The claimant's traveling expenses include, at a minimum, reimbursement for meals*, lodging, and milage.

Emphasis added. Mr. Silveti argues that the plain language of West Virginia Code § 23-4-8 requires that the claims administrator reimburse claimants for reasonable travel expenses, including meals, incurred in connection with an ordered medical examination, so long as the expenses are reasonable.

By contrast, the employer contends that the claims administrator is not required to reimburse claimants for the reasonable cost of meals if his or her travel does not require overnight lodging. It cites to a workers' compensation regulation, West

5

Virginia Code St. R. § 85-1-15.1 [2009], which provides: "In determining the reasonableness of [travel expenses incurred in connection with a medical examination], the responsible party shall utilize the travel regulations for State employees as a guide[.]" The state employee travel regulations provide, in West Virginia Code St. R. § 148-NA-4.3 [2018], that: "Meal expenses are reimbursable for travel requiring overnight lodging." Thus, the employer asserts that, under the workers' compensation regulations, a meal expense incurred in connection with a medical examination is never "reasonable" under West Virginia Code § 23-4-8 unless the claimant's travel requires overnight lodging.

Finally, the employer argues that the Insurance Commissioner's interpretation of workers' compensation laws, as reflected in the workers' compensation regulations, should be accorded deference. Generally, we agree, but, "an agency's interpretation of a statute is not entitled to deference when it goes beyond the meaning the statute can bear."[5] As we have held:

> Interpretations as to the meaning and application of workers' compensation statutes rendered by the Workers' Compensation Commissioner, . . . should be accorded deference *if such interpretations are consistent with the legislation's plain meaning and ordinary construction*.[6]

Furthermore, our law is clear that: "The judiciary is the final authority on issues of statutory construction, and we are obliged to reject administrative constructions that are

---

[5] *Appalachian Power Co.*, 195 W.Va. at 588 n.17, 466 S.E.2d at 439 n.17 (internal quotations and citations omitted).

[6] Syl. Pt. 4, in part, *State ex rel. Ace Indus. v. Vieweg*, 204 W.Va. 525, 574 S.E.2d 176 (1999) (emphasis added).

contrary to the clear language of a statute."[7]  Therefore, the plain language of West

Virginia Code § 23-4-8 is dispositive as to whether the claims administrator was required

to reimburse Mr. Silveti for the meal expense he incurred in connection with his medical

examination.

Turning to the plain language of West Virginia Code § 23-4-8, the

Legislature made clear from its use of "shall" in subsections (c) and (d) that the claims

administrator does not have discretion to deny reimbursement for reasonable travel

expenses.  As we have held: "The word 'shall,' . . . should be afforded a mandatory

connotation[,]"[8] and "when used in constitutions and statutes, [it] leaves no way open for

the substitution of discretion."[9]  The Legislature made it equally clear in subsection (e) of

West Virginia Code § 23-4-8 that reasonable travel expenses include, *at a minimum*,

meals.  Simply put, West Virginia Code § 23-4-8 requires that reasonable travel

expenses, including meals, incurred in connection with an ordered medical examination

be reimbursed.  By refusing to reimburse Mr. Silveti for his meal expense, the claims

administrator gave him less than what the statute required.

---

[7] Syl. Pt. 5, *CNG Transmission Corp. v. Craig*, 211 W.Va. 170, 564 S.E.2d 167 (2002).

[8] Syl. Pt. 2, in part, *Terry v. Sencindiver*, 153 W.Va. 651, 171 W.Va. 480 (1969).

[9] *State ex rel. Boone Cnty Coal Corp. v. Davis*, 133 W.Va. 540, 549, 56 S.E.2d 907, 913 (1949) (internal quotations and citations omitted).

7

This mandate is in accord with "[o]ne of the basic purposes" of West Virginia's workers' compensation law, which is to "impose upon industry the cost of medical expenses incurred in the treatment and rehabilitation of workers who have suffered injuries[,] . . . and one of those costs . . . is payment for transportation expenses necessarily incurred in obtaining medical treatment."[10]   In contravention of this legislative purpose, the claims administrator applied regulations, W.Va. Code St. R. § 85-1-15.1 and W.Va. Code St. R. § 148-NA-4.3, to shift on to Mr. Silveti the cost of a travel expense incurred in obtaining work-related medical treatment.

Other states have similar statutes which afford a workers' compensation claimant the right to be reimbursed for reasonable travel expenses incurred in connection with an out-of-town medical examination.[11]  We have been pointed to no law, in any state, which so severely restricts this right based on the fact that the claimant's travel did not require overnight lodging.  By contrast, in a similar case, *Carr v. Indus. Comm'n of*

---

[10] Syl. Pt. 2, in part, *Ney v. State Workmen's Compensation Comm'r*, 171 W.Va. 13, 297 S.E.2d 212 (1982).

[11] *See, e.g.*, Ariz. Rev. Stat. § 23-1062(c) [2017]; Cal. Lab. Code § 4600(e)(1) [2015]; Idaho Code § 72-433(1) [1997]; Minn. Stat. § 176.155(1) [2009]; 820 ILL. Comp. Stat. 305/12 [2005]; Ind. Code § 22-3-3-6(b) [2006]; Ky. Rev. Stat. § 342-205(2) [2010]; N.M. Stat. § 52-1-51(e) [2013]; Or. Rev. Stat. § 656-325(b) [2012]. *See also*, 8 Lex K. Larson & Thomas A. Robinson, Larson's Workers' Compensation Laws § 94.03[2][b] (Matthew Bender, 2017) ("It is even more clear that transportation expenses are covered when the claimant has to make an out-of-town trip for examination[.]"); Workers' Compensation Guide § 5.42, Post Employment Medical Examination (2017) ("In addition to the cost of the exam itself, an employee submitting to a requested physical examination is entitled to have expenses for lodging, meals, [etc.] . . . paid in advance or reimbursed by the . . . party requesting the examination.").

*Ariz.*,[12] a workers' compensation claimant was required to travel approximately one-hundred miles each way to obtain medical treatment. The court rejected the Industrial Commission's interpretation of Arizona's workers' compensation law that the claimant was not entitled to reimbursement; it held: "that an injured worker who must travel outside the area in which he or she resides to receive treatment is entitled to reimbursement for travel expenses."[13] Just like the claimant in *Carr*, Mr. Silveti was required to travel approximately one-hundred miles, outside the area in which he resides, for his medical treatment.

Therefore, we hold that under the plain language of West Virginia Code § 23-4-8 [2009], a workers' compensation claimant who is ordered by the Insurance Commissioner, private carrier, or self-insured employer to attend a medical examination shall be reimbursed for his or her reasonable travel expenses incurred in connection with attending the ordered medical examination. These travel expenses include, at a minimum, reasonable expenses for meals, lodging, and mileage.

Mr. Silveti spent six hours traveling to, attending, and returning from a medical examination because the claims administrator decided to send him to an examiner one-hundred miles away in Fairmont. In addition to placing this hurdle to Mr. Silveti obtaining his workers' compensation benefits, the claims administrator decided that it was not reasonable for him to have eaten a meal during his six hours away from

---

[12] 197 Ariz. 164, 3 P.3d 1084 (Ariz. Ct. App. 1999).

[13] *Id.*, 197 Ariz. at 167, 3 P.3d at 1087.

9

home because he did not spend the night in Fairmont. In doing so, the claims administrator violated the clear mandate in West Virginia Code § 23-4-8 that Mr. Silveti be reimbursed his reasonable travel expenses.

We recognize that the Insurance Commissioner may promulgate regulations interpreting West Virginia's workers' compensation statutes. To that effect, there is already a regulation in place, West Virginia Code St. R. § 148-NA-4.1 limiting reimbursement for meal expenses so that it does not exceed the per diem rate established by the federal government for state employee travel. What the Insurance Commissioner may not do is contravene the plain language of a statute he or she is charged with administering through a regulation which takes away a right specifically granted by the Legislature. Because the Insurance Commissioner's interpretation of "reasonable" travel expenses in West Virginia Code St. R. § 85-1-15.1 and West Virginia Code St. R. § 148-NA-4.3 is contrary to the plain meaning of West Virginia Code § 23-4-8, we are obliged to reject it.[14] Therefore, we must remand this case to the Board for an order consistent with state law.[15]

_____

[14] Syl. Pt. 4, in part, *IPI, Inc. v. Burton*, 217 W.Va. 181, 617 S.E.2d 531 (2005).

[15] Before disposing of this issue, we address a hypothetical raised by the employer. It posits that, under Mr. Silveti's argument, a workers' compensation claimant who attends a medical examination in his or her neighborhood and eats a meal on the way back might request reimbursement for his or her meal. The employer's hypothetical is not implicated by the facts of this case, where it is undisputed that the claimant had to travel one-hundred miles from his home to attend his medical examination. This case should not be read to require a party who orders a medical examination of a workers' compensation claimant to reimburse the claimant for "travel expenses" when the claimant

(continued . . .)

10

## IV.
## CONCLUSION

Under the plain language of West Virginia Code § 23-4-8, the claims administrator did not have discretion to deny reimbursement for a meal expense incurred in connection with travel to an ordered medical examination on the ground that the claimant's travel did not require overnight lodging. The Board's affirmance of the claims administrator's decision clearly violated the plain language of the statute. Therefore, we reverse the Board's decision and remand the case for entry of an order consistent with state law.

---

did not travel outside the area in which he or she resides to attend the medical examination. The Insurance Commissioner can curtail a claimant's reasonable (*i.e.*, reimbursable) travel expenses by requiring claims administrators to comply with W.Va. Code St. R. § 85-1-15.6 [2009], which provides: "The responsible party shall arrange for examination as near as practicable to the claimant's residence."